Dear Mayor Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to "workshops" and "work sessions" of the Zachary City Council.
First you ask whether these "constitute special meetings that are subject to the provisions of the Louisiana Open Meetings Law, La.R.S. 42:1, et seq." You indicate the City Council would like to hold these sessions at which no action would be taken by the council, and are for informational purposes only, although the workshops or work sessions would be open to the public with due notice being given.
Additionally, you ask "who has the authority to call Council workshops or work sessions, or special meetings in the event it is your opinion that such workshops or work sessions constitute special meetings."
You relate you would like an interpretation on this point under the Louisiana Open Meetings Law as well as the Zachary Home Rule Charter and City Code.
In your first question you state that at the workshops or work sessions "no action would be taken and are for informational purposes only". In this regard we note in Atty. Gen. Op. 89-265 there was a request whether the retreats by members of the East Jefferson Hospital Board constituted a violation of the open meetings law, and in responding to this inquiry this office recognized that R.S. 42:4.2A defines meetings as "the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power" and that the retreats in question consisted primarily of seminars, forums, workshops and training courses and there was no allegation that any quorum was convened, any official deliberations undertaken, or any votes taken. This office noted while the request stated that it was logical to expect that seminars could include deliberations, it was found that this speculation was insufficient for this office to conclude that training seminars and retreats were included in the definition of meeting of R.S. 42:4.2.A.
Subsequently, in Atty. Gen. Op. 91-339 this office was asked if a proposed retreat would be a violation of the Open Meetings Law, and it was noted it had been presented with a similar request in Atty. Gen. Op 89-265 involving the same Hospital Board, and that this office had stated a mere suspicion that business would be discussed or deliberations had, would be insufficient for our office to conclude that training seminars and retreats are included in the definition of "meeting" of R.S. 42:4.2. However, it was found that the facts being presented required a different result as the listed facts led to the conclusion that this retreat is subject to the Open Meetings Law. It noted that all 12 board members would attend assuring a quorum, a seven member executive management team and two representatives would go, and the avowed purpose of the trip was to maintain "work momentum" now that a "vision statement has been written" and the "vision statement is a plan for the future of the hospital". This office concluded, "It is apparent that the board intends to use the retreat as a forum or workshop for continued planning for the hospital thereby coming within the definition of a public meeting contained in R.S. 42:4.2A(1)."
In this latter opinion, this office quoted R.S. 42:4.2 as defining "meeting" as the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. However, it further stated, "It shall also mean the convening of a quorum of a public body by the public body or another public official to receive information regarding a matter overwhich the public body has supervision, control, jurisdiction, or advisory power." (Emphasis added.)
Moreover, in Atty. Gen. Op. 84-103 this office stated as follows:
 A "Work Session" is not the regular meeting required by ordinance and must be viewed as a special meeting. Notice for a special meeting shall be given no later than 24 hours before the meeting. Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at the meeting, the Council may take up a matter not on the agenda.
Accordingly, it would appear from the above quoted statements that a meeting of the council "to receive information regarding a matter over which the public body has supervision" would be included in the provisions of R.S. 42:4.2 for an open meeting. Therefore, it is our opinion that a "workshop" and/or "work session" of the Zachary City Council would constitute a special meeting that is subject to the provisions of the open meetings law, unless the meeting is restricted to information which is not relative to council matters.
In regard to your question as to who has the authority to call council workshops or work sessions, or special meetings, we find that the Zachary Charter sets forth in Section 2-09, Council Meetings and Rules, that "Special meetings may be held on the call of the presiding officer or a majority of the authorized council membership* * *"; and Section 2-1 provides in part, "The Mayor and City Council are authorized to call or convene special meetings, from time to time, in a manner not inconsistentwith law, should the occasion for such meetings arise." (Emphasis added.)
For a special meeting the law as set forth in R.S. 42:7(A)(1)(b) provides as follows:
 (I) All public bodies, except the legislature, and its committees and subcommittees, shall give written public notice of any regular, special or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of public body, the public body may take up a matter not on the agenda.
 (iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)92).
Therefore, pursuant to the charter it appears a special meeting may be called either by the mayor or majority of the city council in accordance with the provisions for notice as required for regular, special or rescheduled meetings.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr